UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL VICTOR, SR. and TONYA VICTOR** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0095-ILRL-SS** |
| **ST. JOHN THE BAPTIST PARISH CORRECTIONAL CENTER** | |

**REPORT AND RECOMMENDATION**

On January 14, 2011, the plaintiffs, Errol Victor, Sr. and Tonya O. Victor, filed a handwritten complaint alleging that St. John the Baptist Correctional Center and Warden Major Phillip M. Hebert violated their constitutional rights by: (1) denying them counsel while in custody; (2) refusing to return bond monies; and (3) refusing to release them from custody even though a judge ordered their release. They listed their address as St. John Correctional Center. Rec. doc. 1. The plaintiffs are proceeding in proper person. On February 2, 2011, they filed a notice of change of address to 240 East 24th Street, Reserve, Louisiana 70084. Rec. doc. 3.

On January 25, 2011, the Clerk mailed the summons to the St. John Correctional Center at the address provided in the complaint, but it was returned as undelivered. Rec. doc. 4. After the plaintiffs filed the notice of change of address, the summons was re-issued and mailed to the plaintiffs at the new address. Rec. doc. 5. The matter was scheduled for call docket because the plaintiffs had not served with the complaint within Fed. R. Civ. P. 4(m)'s 120 day deadline. Rec. doc. 6. On June 29, 2011, executed returns were filed in the record. Rec. docs. 7 and 8. The call docket was dismissed as moot. Rec. doc. 10.

On July 19, 2011, Warden Phillip J. Hebert filed a motion to dismiss. He contends that the

plaintiffs failed to properly serve him because: (1) although Mr. Victor hand delivered the summonses to the jail, he did not provide a copy of the complaint; (2) Mr. Victor did not serve him personally with the summons and complaint; (3) in the alternative, Mr. Victor failed to serve him at his dwelling or usual place of abode; or (4) in the further alternative, Mr. Victor failed to serve an agent authorized by appointment of law to receive service of process.  Warden Hebert also urges that service upon St. John the Baptist Parish Correctional Center was improper as there is no such legal entity.  The motion was set for August 10, 2011.  Rec. doc. 10.

The plaintiffs are well acquainted with federal court litigation.  On April 2, 2009, Errol Victor, Sr., Errol Victor, Jr., Fabian Victor and Tonya Victor filed a complaint in this Court against many defendants, including Community Bancorp of Louisiana, Inc., Adams & Reese, LLP, various attorneys, public officials and others.  CA 09-3213.  Certain defendants moved to dismiss with prejudice.  There was no opposition.  Chief Judge Vance granted the motions for failure to prosecute. CA 09-3213 (Rec. doc. 97).  On April 30, 2010, Errol Victor, Sr. and Tonya S. Victor filed a petition and notice of removal.  They sought to remove a state court criminal case.  Judge Aftrick remanded the case to state court.  CA 10-1323 (Rec. doc. 7).  On May 11, 2010, Errol Victor, Sr. and Tonya S. Victor filed a complaint against the Department of Social Services and other defendants.  On November 9, 2010, Judge Zainey entered judgment against the plaintiffs.  CA 10-1441 (Rec. doc. 9). Errol Victor, Sr. and Tonya Victor appeared in proper person in each of these proceedings.

No memorandum in opposition to Warden Hebert's motion to dismiss set for submission on August 10, 2011 was timely submitted, and thus the motion is unopposed and it has merit.  Errol

Victor, Sr. and Tonya Victor have not complied with Fed. R. Civ. P. 4. Although pro se plaintiffs are entitled to some leniency, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 2541 n.46 (1975).

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that, pursuant to Fed. R. Civ. P. 12(b)(5), the complaint of Errol Victor, Sr. and Tonya Victor be dismissed without prejudice for insufficient service of process.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, dated this 17th day of August, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**